# <u>**EXHIBIT A**</u>

## SETTLEMENT TRUST AGREEMENT

This SETTLEMENT TRUST AGREEMENT (this "Agreement" or "Settlement Trust Agreement") is made and entered into, as of the Effective Date, between Juno USA, LP, Juno Oregon LLC, Omaha LLC, Sabo One LLC, and Vulcan Cars LLC (collectively, the "Liquidating Debtors") and [●], in [his/her] capacity as Settlement Trustee of the Juno Settlement Trust (the "Settlement Trustee").  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined below).

## RECITALS

WHEREAS, on November 19, 2019 (the "Petition Date"), the Liquidating Debtors along with GT Forge, Inc. (collectively, the "Debtors") filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

WHEREAS, the Debtors filed with the Bankruptcy Court the *Debtors' Joint Plan of Reorganization and Liquidation Under Chapter 11 of the Bankruptcy Code*, as amended (together with all exhibits thereto, including, without limitation, the Plan Supplement, as the same may be amended, modified, or supplemented, the "Plan");

WHEREAS, pursuant to the Confirmation Order, dated March ___, 2020, the Bankruptcy Court confirmed the Plan;

WHEREAS, under the terms of the Plan, certain assets and other property of the Debtors as of the Effective Date of the Plan will be transferred to and held by the Settlement Trust created by this Settlement Trust Agreement so that, among other things: (i) the Settlement Trust Assets can be pursued and/or disposed of in an orderly and expeditious manner; (ii) objections to General Unsecured Claims can be pursued and/or resolved by the Settlement Trust; and (iii) Distributions can be made to the beneficiaries of the Settlement Trust in accordance with the Plan;

WHEREAS, this Settlement Trust is established under and pursuant to the Plan and Confirmation Order, which provides for the appointment of the Settlement Trustee to administer the Settlement Trust for the benefit of the Beneficiaries, and to provide administrative services relating to the implementation of the Plan;

WHEREAS, the Settlement Trust is established for the sole purpose of administering the Settlement Trust Assets and implementing the functions of the Settlement Trust outlined herein, in accordance with Treasury Regulations Section 301.7701-4(d), with no objective or authority to continue or engage in the conduct of a trade or business;

WHEREAS, the Settlement Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d) and, as such, a "grantor trust" for U.S. federal income tax purposes; and

WHEREAS, the Settlement Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement.

NOW, THEREFORE, in accordance with the Plan and in consideration of the promises and of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

## **DECLARATION OF TRUST**

The Debtors hereby absolutely assign to the Settlement Trust, and to its successors in trust and its successors and assigns, all right, title and interest of the Debtors in and to the Settlement Trust Assets;

TO HAVE AND TO HOLD unto the Settlement Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Beneficiaries, as and to the extent provided in the Plan, and for the performance of and compliance with the terms hereof and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Settlement Trust in accordance with Article V hereof, this Agreement shall cease, terminate and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Settlement Trust Assets are to be held and applied by the Settlement Trustee upon the further covenants and terms and subject to the conditions herein set forth.

## I    NAME; PURPOSE; SETTLEMENT TRUST ASSETS

1.1    <u>Establishment of the Settlement Trust</u>.  Effective as of the Effective Date, the Settlement Trust shall be deemed established and will become effective, in order to carry out the functions of the Settlement Trust. The Settlement Trust is organized and established as a trust for the benefit of the Beneficiaries (defined below) and is intended to qualify as a liquidating trust within the meaning of Treasury Regulation Sections 301.7701-4(d).  The Settlement Trust will not be deemed a successor-in-interest of the Estate for any purpose other than as specifically set forth in this Agreement.  This Agreement and the Settlement Trust created hereby are hereby declared to be irrevocable and the Debtors and the Plan Sponsor shall not have any right at any time to withdraw any of the property held hereunder or to revoke, annul, or cancel the Settlement Trust in whole or in part, or to alter, amend, or modify this Agreement in any respect.

1.2    <u>Appointment of Settlement Trustee</u>.  [●] is hereby appointed as the Settlement Trustee and hereby accepts such appointment.  On the Effective Date and automatically and without further action, the Settlement Trustee will have full power and authority as the trustee of the Settlement Trust in accordance with the Plan, Confirmation Order, and this Agreement to take any and all actions as he believes may be reasonably necessary, desirable or appropriate with respect to the Settlement Trust.

1.3    <u>Name of Trust</u>.  The trust created by this Agreement shall be known as the "<u>Juno Settlement Trust</u>."

1.4    <u>Transfer of Settlement Trust Assets</u>.  In accordance with the provisions of the Plan, on the Effective Date, the Plan Sponsor, the Debtors and their chapter 11 Estates shall be deemed to cause the transfer, assign and convey to the Beneficiaries (i) solely with respect to the Plan Sponsor, the Settlement Trust Payment, (ii) solely with respect to the Liquidating Debtors, the Liquidating Debtors' Distributable Assets, (iii) any rights to the commencement, compromise or settlement of any Retained Cause of Action, and (iv) the Relevant Books and Records as requested by the Settlement Trustee from time to time in connection with the reconciliation of and/or objection to any General Unsecured Claims (clauses (i), (ii), (iii), and (iv) of the foregoing, collectively being the "<u>Settlement Trust Assets</u>"), followed by a deemed transfer by such Beneficiaries to the Settlement Trust, to be held by the Settlement Trustee in trust for the Beneficiaries, on the terms and subject to the conditions set forth herein and in the Plan.  Upon the Effective Date, the Settlement Trust shall be vested with all right, title and interest in the respective Settlement Trust Assets, and such property shall become the property of the Settlement Trust free and clear of all Claims, Liens, charges, other encumbrances and interests.

1.5    <u>Purposes</u>.  The purposes of the Settlement Trust are to hold and effectuate an orderly disposition of the Settlement Trust Assets and to distribute or pay over the Settlement Trust Assets or proceeds thereof in accordance with this Agreement and the Plan, with no objective or authority to engage in any trade or business.

1.6    <u>Acceptance by the Settlement Trustee</u>.  The Settlement Trustee is willing and hereby accepts the appointment to serve as Settlement Trustee pursuant to this Agreement and the Plan and agrees to observe and perform all duties and obligations imposed upon the Settlement Trustee by this Agreement and the Plan, including, without limitation, to accept, hold and administer the Settlement Trust Assets, to provide administrative services relating to the implementation of the Plan and otherwise to carry out the purpose of the Settlement Trust in accordance with the terms and subject to the conditions set forth herein.

1.7    <u>Valuation of Settlement Trust Assets</u>.  After the Effective Date, the Settlement Trustee may, in its sole discretion, make or cause to be made a good faith valuation of the Settlement Trust Assets.  Such valuation, if performed, shall be made available from time to time, to the extent relevant, and used consistently by all parties (including the Settlement Trustee and the Beneficiaries) including, for the avoidance of doubt, for all federal income tax purposes.

## II    RIGHTS, POWERS AND DUTIES OF SETTLEMENT TRUSTEE

2.1    <u>General</u>.  As of the Effective Date, the Settlement Trustee shall take possession and charge of the Settlement Trust Assets and, subject to the provisions hereof and in the Plan, shall have full right, power and discretion to manage the affairs of the Settlement Trust.  Except as otherwise provided herein and in the Plan, the Settlement Trustee shall have the right and power to enter into any covenants or agreements binding the Settlement Trust and in furtherance of the purpose hereof and of the Plan and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the Settlement Trustee to be consistent with and advisable in connection with the performance of his or her duties hereunder.  On and after the Effective Date, the Settlement Trustee shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Settlement Trustee, to provide administrative services relating to the implementation of the Plan and all other acts that may be necessary or appropriate in connection

with the disposition of the Settlement Trust Assets and the distribution of the proceeds thereof, as contemplated by the Plan, including:

(a)     To exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by the Debtors with respect to the Settlement Trust Assets with like effect as if authorized, exercised and taken by the Debtors;

(b)     To open and maintain bank and other deposit accounts, escrows and other accounts, calculate and implement Distributions to holders of Allowed General Unsecured Claims as provided for or contemplated by the Plan and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves;

(c)     To make a good faith valuation of the assets of the Settlement Trust, as soon as possible after the Effective Date;

(d)     Subject to the applicable provisions of the Plan, to collect and liquidate all assets of the Debtors' Estates which constitute Settlement Trust Assets pursuant to the Plan;

(e)     To object to any General Unsecured Claims (Disputed or otherwise) or other Claims (solely until the Priority Amount Contribution has been satisfied in full), and to defend, compromise and/or settle any such General Unsecured Claims or other Claims (solely until the Priority Amount Contribution has been satisfied in full) prior to or following objection without the necessity of approval of the Bankruptcy Court, and/or to seek Bankruptcy Court approval for any Claims settlement, to the extent thought appropriate by the Settlement Trustee or to the extent such approval is required by prior order of the Bankruptcy Court;

(f)     To abandon, pursue, litigate, or settle any Retained Cause of Action;

(g)     To make decisions, without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees and consultants by the Settlement Trust and to pay, from the Settlement Trust Assets, the charges incurred by the Settlement Trust on or after the Effective Date for services of professionals, disbursements, expenses or related support services relating to the implementation of the Plan, without application to the Bankruptcy Court;

(h)     To cause, on behalf of the Settlement Trust, all necessary tax returns and all other appropriate or necessary documents related to municipal, state, federal or other tax law to be prepared or filed timely;

(i)     To invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Settlement Trustee in accordance with the investment and deposit guidelines set forth in section 2.4 of this Agreement;

(j)     To collect any accounts receivable or other claims and assets of the Liquidating Debtors or their estates which constitute Settlement Trust Assets, including the Priority Amount Contribution, not otherwise disposed of pursuant to the Plan;

(k)    To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Settlement Trustee thereunder;

(l)    To obtain an accounting and collect the Priority Amount Contribution from the Plan Sponsor;

(m)    To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization(s) approved by the Settlement Trustee, any Settlement Trust Assets that the Settlement Trustee concludes are of insufficient or no benefit to Beneficiaries or are too impractical to distribute;

(n)    To use Settlement Trust Assets to purchase or create and carry all appropriate insurance policies, bonds or other means of assurance and protection of the Settlement Trust Assets and pay all insurance premiums and other costs he or she deems necessary or advisable to insure the acts and omissions of the Settlement Trustee;

(o)    To implement and/or enforce all provisions of the Plan as applicable to the Settlement Trust;

(p)    To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Settlement Trust Assets;

(q)    To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the U.S. Trustee quarterly post-confirmation financial reports for each and every Liquidating Debtor until its particular case is closed, dismissed or converted in accordance with the terms herein;

(r)    To make all Distributions to holders of Allowed General Unsecured Claims as provided for or contemplated by the Plan; and

(s)    To do all other acts or things consistent with the provisions of the Plan that the Settlement Trustee deems reasonably necessary or desirable with respect to implementing the Plan.

Other than the obligations of the Settlement Trustee enumerated or referred to under this Agreement or the Plan, the Settlement Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.

2.2    <u>Costs</u>.  On and after the Effective Date, the Settlement Trustee shall reserve Cash reserves from the Settlement Trust Assets to be held in a Settlement Trust wind-down fund (the "<u>Settlement Trust Operating Reserve</u>").  The Settlement Trust Operating Reserve shall be used to pay for the administration of the Settlement Trust, including fees and expenses of the Settlement Trustee and the Settlement Trust's professionals (the "<u>Settlement Trust Operating Expenses</u>").  In the event that amounts held in the Settlement Trust Operating Reserve, together with any remaining Settlement Trust Assets, are insufficient to pay all Settlement Trust Operating Expenses, the Settlement Trustee shall, unless reserves sufficient for such purpose have otherwise been made available from any other sources, have no obligation under this Agreement to make such payments.

2.3    <u>Distributions</u>.

(a)    <u>Generally</u>.  Pursuant to the Plan, the Settlement Trustee shall record and account for all proceeds received upon any disposition of Settlement Trust Assets (after deduction therefrom of appropriate reserves as provided herein, and in the Plan) for distribution in accordance with the provisions of the Plan.

(b)    <u>Manner of Payment or Distribution</u>.  After the transfer of the Settlement Trust Assets to the Settlement Trust, the Settlement Trustee shall make continuing efforts to liquidate all Settlement Trust Assets in accordance with the Plan and this Agreement.  If the Settlement shall be in Cash, the Settlement Trustee shall distribute such Cash by wire, check, or such other method as the Settlement Trustee deems appropriate under the circumstances.

(c)    <u>Delivery of Distributions</u>.  All Distributions under this Agreement to any Beneficiary shall be made at the address of such Beneficiary as set forth in the claims register maintained in the Chapter 11 Cases (subject to any transfer effectuated pursuant to Bankruptcy Rule 3001(e)) or, in the absence of a filed-proof of claim, the Schedules.  If a Distribution is returned as undeliverable, the Settlement Trustee shall use reasonable efforts to determine such Beneficiary's then-current address.  If the Settlement Trustee cannot determine, or is not notified of, a Beneficiary's then-current address within six (6) months after the Effective Date, the Distribution reserved for such Beneficiary shall be deemed an unclaimed Distribution.

(d)    <u>No Distributions of Less Than $50 On Account of Allowed General Unsecured Claims</u>.  Notwithstanding anything to the contrary in the Plan, if a Distribution to be received by the holder of an Allowed General Unsecured Claim would be less than $50, no such payment will be made to such holder.  Notwithstanding anything herein or in the Plan to the contrary, this Section 2.3(d) shall not apply to Settlement Trust Operating Expenses.

(e)    <u>Leftover Funds</u>.  In the event that there are any funds remaining after payment of all Distributions and Settlement Trust Operating Expenses, are made, as contemplated hereunder, in an amount up to $2,500 the Settlement Trustee is entitled to remit such funds as a charitable contribution to the Credit Abuse Resistance Education c/o the American Bankruptcy Institute.

2.4    <u>Limitations on Investment Powers of Settlement Trustee</u>.  Funds in the Settlement Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Settlement Trust as determined by the Settlement Trustee, in accordance with section 345 of the Bankruptcy Code, unless the Bankruptcy Court otherwise requires; <u>provided</u>, <u>however</u>, that such investments are investments permitted to be made by a "trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.  The funds in the Settlement Trust need not be invested in interest bearing accounts. Neither the Settlement Trust nor the Settlement Trustee shall have any liability for interest or producing income on any moneys received by them and held for distribution or payment to Beneficiaries.

2.5    <u>Limitation of Trustee's Liability</u>.    In exercising the rights granted herein, the Settlement Trustee shall exercise the Settlement Trustee's best judgment, to the end that the affairs of the Trust shall be properly managed and the interests of all of the holders of General Unsecured Claims safeguarded.    But, notwithstanding anything herein or in the Plan to the contrary, the Settlement Trustee, nor its firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents, and any of such successors and assigns shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered.    In no event shall the Settlement Trustee be liable for indirect, punitive, special, incidental or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Settlement Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action.

(a)    <u>No Liability for Acts of Predecessors</u>.    No successor Settlement Trustee shall be in any way responsible for the acts or omissions of any Settlement Trustee in office prior to the date on which such successor becomes the Settlement Trustee, unless a successor Settlement Trustee expressly assumes such responsibility.

(b)    <u>No Liability for Good Faith Error of Judgment</u>.    The Settlement Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that the Settlement Trustee was grossly negligent in ascertaining the pertinent facts.

(c)    <u>Reliance by Settlement Trustee on Documents or Advice of Counsel or Other Persons</u>.    Except as otherwise provided herein, the Settlement Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Settlement Trustee to be genuine and to have been signed or presented by the proper party or parties.    The Settlement Trustee also may engage and consult with legal counsel, accountants and other professionals for the Settlement Trust and other agents and advisors and shall not be liable for any action taken or suffered by the Settlement Trustee in reliance upon the advice of such counsel, agents or advisors. The Settlement Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Settlement Trust Assets.

(d)    <u>No Personal Obligation for Trust Liabilities</u>.    Persons dealing with the Settlement Trustee, or seeking to assert Claims against the Debtor or the Settlement Trust, shall look only to the Settlement Trust Assets to satisfy any liability incurred by the Settlement Trustee to any such Person in carrying out the terms of this Agreement, and  neither the Settlement Trustee nor his or her company or organization shall have a personal or individual obligation to satisfy any such liability.

2.6    <u>Selection of Agents</u>.    The Settlement Trustee may engage any employee of the Debtor or other persons, and also may engage or retain brokers, banks, custodians, investment and financial advisors, and other advisors and agents, in each case without Bankruptcy Court approval. The Settlement Trustee may pay the salaries, fees and expenses of such Persons from amounts in

the Settlement Trust Operating Reserve, or, if such amounts are insufficient therefor, out of the Settlement Trust Assets or proceeds thereof.  In addition, the parties acknowledge that Settlement Trust Assets may be advanced to satisfy such salaries, fees and expenses.  The Settlement Trustee shall not be liable for any loss to the Settlement Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.6 selected by the Settlement Trustee in good faith and without either gross negligence or intentional malfeasance.

2.7    Settlement Trustee's Compensation, Indemnification and Reimbursement.

(a)    As compensation for services in the administration of this Settlement Trust, the Settlement Trustee shall be compensated solely from the Settlement Trust Assets as specified on **Schedule A** attached hereto.  The Settlement Trustee shall also be reimbursed solely from the Settlement Trust Assets for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of his or her duties hereunder.

(b)    The Settlement Trustee shall be indemnified by and receive reimbursement from the Settlement Trust Assets against and from any and all loss, liability, expense (including reasonable attorneys' fees), or damage that the Settlement Trustee incurs or sustains, in good faith and without either gross negligence or intentional malfeasance, acting as Settlement Trustee under or in connection with this Agreement.

(c)    The Settlement Trustee and its firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents and any of such parties' successors and assigns (collectively, the "Indemnified Parties" and each, an "Indemnified Party") shall, to the fullest extent permitted by applicable law, be defended, held harmless, and indemnified by the Settlement Trust from time to time and receive reimbursement from and against any and all loss, liability, expense (including counsel fees), or damage of any kind, type or nature, whether sounding in tort, contract, or otherwise, that the Indemnified Parties may incur or sustain in connection with the exercise or performance of any of the Settlement Trust's or Settlement Trustee's powers and duties under this Agreement or in rendering services by the Indemnified Party to the Settlement Trust or Settlement Trustee (the "Indemnified Conduct"), including, without limitation, the costs of counsel or others in investigating, preparing, defending, or settling any action or claim (whether or not litigation has been initiated against the Indemnified Party) or in enforcing this Agreement (including its indemnification provisions), except if such loss, liability, expense, or damage is finally determined by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to result directly and primarily from the fraud, gross negligence, or willful misconduct of the Indemnified Party asserting this provision.

(d)    The Settlement Trustee is authorized to use Settlement Trust Assets to obtain all reasonable insurance coverage for himself/herself, his/her agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Settlement Trustee and his/her agents, representatives, employees or independent contractors under the Plan and this Agreement.

2.8   <u>Tax Provisions</u>.

(a)   It is intended that the Settlement Trust qualify as a grantor trust for federal income tax purposes, and that the Beneficiaries are treated as grantors.  As described more fully in the Plan and the Disclosure Statement, the transfer of the Settlement Trust Assets will be treated for federal income tax purposes as a transfer to the Beneficiaries, followed by a deemed transfer from such Beneficiaries to the Settlement Trust; *provided, however*, that the Settlement Trust Assets will be subject to any post-Effective Date obligations incurred by the Settlement Trust relating to the pursuit of Settlement Trust Assets.  Accordingly, the Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Settlement Trust Assets.  The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.  In accordance with Article IV of the Plan, all items of income, gain, loss, deduction and credit will be included in the income of the Beneficiaries as if such items had been recognized directly by the Beneficiaries in the proportions in which they own beneficial interests in the Settlement Trust.

(b)   The Settlement Trustee shall comply with all tax reporting requirements and, in connection therewith, the Settlement Trustee may require Beneficiaries to provide certain tax information as a condition to receipt of Distributions, including, without limitation, filing returns for the Settlement Trust as a grantor trust pursuant to Treasury Regulation § 1.671-4(a).

(c)

(i)   Under the guidelines set forth in Revenue Procedure 94-95, 1994-2 C.B. 684 and Treasury Regulation § 1.671-4(a), the Settlement Trustee will file returns for the Settlement Trust as a grantor trust.

(ii)   Except to the extent definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Settlement Trustee of a private letter ruling if the Settlement Trustee so requests one) indicates that such valuation is not necessary to maintain the treatment of the Settlement Trust as a Settlement Trust for purposes of the Internal Revenue Code and applicable Treasury Regulations, as soon as reasonably practicable after the Settlement Trust Assets are transferred to the Settlement Trust, the Settlement Trustee shall make a good faith valuation of the Settlement Trust Assets.  Such valuation shall be made available from time to time to all parties to the Settlement Trust Agreement and to all Beneficiaries, to the extent relevant to such parties for tax purposes, and shall be used consistently by such parties for all United States federal income tax purposes.

(iii)   In accordance with the provisions of section 6012(b)(3) of the Internal Revenue Code of 1986, as amended, the Settlement Trustee shall cause to be prepared, at the cost and expense of the Settlement Trust, the corporate income tax returns (federal, state and local) that the Debtor is required to file (to the extent such returns have not already been filed by the Effective Date).  The Settlement Trustee shall timely file each such tax return with the appropriate taxing authority and shall pay out of the Settlement Trust Assets all taxes due with respect to the period covered by each such tax return.

(d)     Attribution of Income.  Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Settlement Trustee of a private letter ruling if the Settlement Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Settlement Trustee), attribution of Settlement Trust taxable income or loss shall be by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Settlement Trust Assets. The tax book value of the Settlement Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Settlement Trust Assets are transferred to the Settlement Trust, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(e)     Current Basis.  All income of the Settlement Trust will be subject to tax on a current basis.

(f)     Withholding.  The Settlement Trustee may withhold from the amount distributable from the Settlement Trust at any time to any Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges that have been or may be imposed on such Beneficiary or upon the Settlement Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any Settlement provided for by any law, regulation, rule, ruling, directive, or other governmental requirement.  Any tax withheld shall be treated as distributed to the Beneficiary for purposes of this Agreement.

(g)     Tax Identification Numbers.  The Settlement Trustee may require any Beneficiary to furnish to the Settlement Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service or certify to the Settlement Trustee's satisfaction that Distributions to the Beneficiary are exempt from backup withholding.  The Settlement Trustee may condition any Distribution to any Beneficiary upon receipt of such identification number.  If a holder of a General Unsecured Claim does not provide the appropriate Form W-8 or Form W-9 within one hundred twenty (120) days of the request by the Settlement Trustee, then such holder shall be deemed to have forfeited its right to any reserved and future Distributions from the Settlement Trust, any Settlement Trust Interests held by such holder shall be deemed cancelled, and the Claims of such holder shall be forever barred.

(h)     Annual Statements.  The Settlement Trustee shall annually (for tax years in which Distributions from the Settlement Trust are made) send to each Beneficiary a separate statement setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

(i)     Notices.  The Settlement Trustee shall distribute such notices to the Beneficiaries as the Settlement Trustee determines are necessary or desirable.

(j)     Expedited Determination.  The Settlement Trustee may request an expedited determination of taxes of the Debtor or of the Settlement Trust under Bankruptcy Code

section 505(b) for all tax returns filed for, or on behalf of, the Debtor and the Settlement Trust for all taxable periods through the dissolution of the Settlement Trust.

2.9    Conflicting Claims.  If the Settlement Trustee becomes aware of any disagreement or conflicting Claims with respect to the Settlement Trust Assets, or is in good faith doubt as to any action that should be taken under this Agreement, the Settlement Trustee may take any or all of the following actions as reasonably appropriate:

(i)    to the extent of such disagreement or conflict, or to the extent deemed by the Settlement Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Settlement Trust Assets) until the Settlement Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved;

(ii)    file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court or such other court of competent jurisdiction their respective Claims arising out of or in connection with this Agreement; or

(iii)    file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.10    Records of Settlement Trustee.  The Settlement Trustee shall maintain accurate records of receipts and disbursements and other activity of the Settlement Trust, and duly authorized representatives of the Beneficiaries shall have reasonable access to the records of the Settlement Trust.  On or after 90 days from the Effective Date, the books and records maintained by the Settlement Trustee may be disposed of by the Settlement Trustee, without notice or a filing with the Bankruptcy Court, at such time as the Settlement Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Settlement Trust or its beneficiaries, or upon the termination of the Settlement Trust, provided, however, that the Settlement Trustee shall not dispose or abandon any books and records that are reasonably likely to pertain to pending litigation in which the Liquidating Debtors or its current or former officers or directors are a party or Claims without further order of the Bankruptcy Court.

## III    RIGHTS, POWERS AND DUTIES OF BENEFICIARIES.

3.1    Identification of Beneficiaries.  The Settlement Trust is created for the benefit of Holders of Allowed General Unsecured Claims under the Plan (the "Beneficiaries").

3.2    Interests of Beneficiaries.  The Beneficiaries shall have beneficial interests in the Settlement Trust Assets as provided in the Plan.  The Beneficiaries' proportionate interests in the Settlement Trust Assets as thus determined shall not be transferable, assignable, pledged or hypothecated, in whole or in part, except upon the death of the Beneficiary or the operation of law.

3.3    Interests Beneficial Only.  The ownership of a beneficial interest hereunder shall not entitle any Beneficiary to any title in or to the Settlement Trust Assets as such (which title shall

be vested in the Settlement Trustee) or to any right to call for a partition or division of Settlement Trust Assets or to require an accounting.

## IV    AMENDMENT OF TRUST OR CHANGE IN SETTLEMENT TRUSTEE.

4.1    <u>Resignation of the Settlement Trustee</u>.  The Settlement Trustee may resign by an instrument in writing signed by the Settlement Trustee and filed with the Bankruptcy Court with notice to the U.S. Trustee, provided that the Settlement Trustee shall continue to serve as such after his or her resignation for thirty (30) days or, if longer, until the time when appointment of his or her successor shall become effective in accordance with Section 4.3 hereof.

4.2    <u>Removal of the Settlement Trustee</u>.  The Settlement Trustee may be removed for cause upon notice and hearing by the Bankruptcy Court.  Such removal shall be effective (10) days after entry of an order by the Bankruptcy Court removing the Settlement Trustee for cause.  For the purposes of this Agreement, "cause" shall mean:  (a) the willful and continued refusal by the Settlement Trustee to perform his or her duties as set forth herein; (b) gross negligence, gross misconduct, fraud, embezzlement or theft; or (c) such other cause as the Bankruptcy Court shall in good faith determine.

4.3    <u>Appointment of Successor Settlement Trustee</u>.  In the event of the death, resignation, termination, incompetence or removal of the Settlement Trustee, the Bankruptcy Court may appoint a successor Settlement Trustee, which the parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the Settlement Trustee or his/her successor.  Every successor Settlement Trustee appointed hereunder shall execute, acknowledge and file with the Bankruptcy Court and deliver to the predecessor Settlement Trustee (if practicable), with notice to the U.S. Trustee, an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor Settlement Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring Settlement Trustee.

4.4    <u>Continuity</u>.  Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence or removal of the Settlement Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Settlement Trustee.  In the event of the resignation or removal of the Settlement Trustee, the Settlement Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the U.S. Trustee or the successor Settlement Trustee.

4.5    <u>Amendment of Agreement</u>.  This Agreement may be amended, modified, terminated, revoked or altered only upon:  (a) order of the Bankruptcy Court; or (b) agreement of the Settlement Trustee and the Beneficiaries, <u>provided</u>, <u>however</u>, that any such amendment, modification, termination, revocation or alteration must be consistent with the terms of the Plan and the Confirmation Order.

## V    TERMINATION OF SETTLEMENT TRUST

The Settlement Trustee shall be discharged and the Settlement Trust shall be terminated, at such time as:  (a) all Disputed General Unsecured Claims have been resolved; (b) all of the

Settlement Trust Assets have been liquidated; (c) all duties and obligations of the Settlement Trustee under this Agreement have been fulfilled; (d) all Distributions required under the Plan and this Agreement have been made; and (e) the Debtors' Chapter 11 Cases have been closed; provided, however, that in no event shall the Settlement Trust be dissolved later than three (3) years after the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the third anniversary (or the end of any extension period approved by the Bankruptcy Court), determines that a fixed period extension not to exceed three (3) years is necessary to facilitate or complete the recovery and liquidation of the Settlement Trust Assets. Upon dissolution of the Settlement Trust, any remaining Settlement Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the Settlement Trustee to a charitable organization(s) approved by the Settlement Trustee.

## VI    RETENTION OF JURISDICTION

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Settlement Trust, the Settlement Trustee and the Settlement Trust Assets as provided in the Plan, including, without limitation, the determination of all controversies and disputes arising under or in connection with the Settlement Trust or this Agreement.  However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter.  All Beneficiaries consent to the jurisdiction of the United States District Court for the District of Delaware and the state courts sitting in Wilmington, Delaware, over all disputes related to this Agreement.

## VII    MISCELLANEOUS

7.1    Applicable Law.    The Settlement Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

Cooperation by the Reorganized Debtor and Plan Sponsor. After the Effective Date, the Reorganized Debtor and Plan Sponsor shall provide reasonable cooperation and assistance to the Settlement Trustee in its administration of the Settlement Trust and the performance of its functions outlined in the Plan and this Agreement, including but not limited to, timely responding to reasonable requests by the Settlement Trustee for information related to his duties under this Agreement, designating a representative of the Reorganized Debtor (the "RD Rep"), no later than five (5) Business Days of the Effective Date, as the source of contact for the Settlement Trust, and, notwithstanding anything in the Plan to the contrary, providing reasonable access (subject to mutually acceptable confidentiality agreements) to the Liquidating Debtors' books and records for the purposes of reconciling and/or objecting to General Unsecured Claims or as otherwise needed by the Settlement Trustee to reasonably fulfill his duties hereunder

7.2    Books and Records.

(a)    The Settlement Trust will maintain reasonably good and sufficient books and records in respect to matters related to the functions and duties of the Settlement Trustee. The Settlement Trustee may, upon at least 30 days prior written notice to the Reorganized Debtor and

Plan Sponsor of the proposed destruction of such records and without Bankruptcy Court approval, destroy any documents that each believes are no longer required to effectuate the terms and conditions of the Plan; provided, however, the Reorganized Debtor or Plan Sponsor shall have the option, but not the obligation, to take possession of all or any portion of such records prior to any such proposed destruction.  Upon the entry of a final decree closing the Bankruptcy Case, unless otherwise ordered by the Court, the Settlement Trustee may destroy or otherwise dispose of all records maintained by them.

7.3    U.S. Trustee Fees and Post-Confirmation Reports.  After the Effective Date (a) solely with respect to the Reorganized Debtor, the Reorganized Debtor shall (i) pay any statutory fees due for the post-Effective Date period pursuant to 28 U.S.C. § 1930(a)(6) and such fees shall be paid until entry of a final decree or an order converting or dismissing the Bankruptcy Case, and (ii) file post-confirmation status reports in the form of a post-confirmation operating report acceptable to the Office of the United States Trustee for Region 3, on a quarterly basis up to the entry of a final decree closing the Bankruptcy Case; and (b) solely with respect to the Liquidating Debtors, the Settlement Trustee shall (i) pay any statutory fees due for the post-Effective Date period pursuant to 28 U.S.C. § 1930(a)(6) relating to any distributions made by the Settlement Trust  until entry of a final decree or an order converting or dismissing the Bankruptcy Case and (ii) file post-confirmation status reports in the form of a post-confirmation operating report acceptable to the Office of the United States Trustee for Region 3, on a quarterly basis up to the entry of a final decree closing the Bankruptcy Case or termination of the Settlement Trust whichever occurs first.    If the Reorganized Debtor provides written notice to the Settlement Trustee of its intention to close its chapter 11 case, the Settlement Trustee may request that such chapter 11 case remain open, provided that the Settlement Trust shall thereafter be responsible for all statutory fees relating to the Liquidating Debtors, until five (5) business days after such time that the Settlement Trustee provides written notice to the Reorganized Debtor that it may close the case.

7.4    Privilege.

(a)    The Committee's counsel and financial advisor shall provide to the Settlement Trustee (or such professionals designated by the Settlement Trustee) documents and other information gathered, and relevant work product developed, during the Chapter 11 Cases, provided that the provision of any such documents and information shall be without waiver of any evidentiary privileges, including without limitation the attorney-client privilege, work-product privilege or other privilege or immunity attaching to any such documents or information (whether written or oral).

(b)    Solely to the extent necessary for completion of the Settlement Trust's functions and duties outlined in this Agreement, the attorney-client privilege, work product doctrine or other privileges or immunities inuring to the benefit of the Liquidating Debtors or attaching to documents or communications of the Liquidating Debtors may be transferred to the Settlement Trust and shall be shared between the Settlement Trustee and the Liquidating Debtors. The Settlement Trustee is authorized to assert or, with consent of the Liquidating Debtors, waive any such privilege or doctrine, as necessary or appropriate for the administration of the Settlement Trust; provided that, to the extent any such privilege or doctrine is waived in connection with information requested of any professional previously employed by the Liquidating Debtors, the

Settlement Trustee agrees that he shall obtain the consent of the Liquidating Debtors prior to waiving any privilege.

7.5    <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

7.6    <u>Relationship Created</u>.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

7.7    <u>Interpretation</u>.  Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.8    <u>Savings Clause</u>.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.9    <u>Entire Agreement</u>.  This Agreement and the Plan constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein.  This Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Agreement.

7.10    <u>Counterparts</u>.  This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

7.11    <u>Notices</u>.

(a)    All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be deemed given five Business Days after first-class mailing, one Business Day after sending by overnight courier, or on the first Business Day after facsimile or electronic transmission.

(i)    if to the Settlement Trustee:

With a copy to

- 15 -

(ii)    if to any Beneficiary, to such address as such Beneficiary shall have furnished to the Debtor in writing prior to the Effective Date.

(b)    Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the Settlement Trustee in the same manner as above.

7.12    <u>Effective Date</u>.  This Agreement shall become effective as of the Effective Date.

7.13    <u>Successors and Assigns</u>.  This Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties, the Beneficiaries and, subject to the provisions hereof, their respective successors and assigns.

7.14    <u>Conflict with the Plan</u>.  In the event of any conflict between the terms of this Agreement and the Plan, unless expressly stated otherwise herein, the terms of the Plan shall govern.

IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the day and year first above written.


**LIQUIDATING DEBTORS**


By:_____
Name:
Title:


**[●], Settlement Trustee**


_____


- 16 -

# <u>SCHEDULE A</u>

## TERMS OF COMPENSATION AND REIMBURSEMENT
## OF EXPENSES OF THE SETTLEMENT TRUSTEE

[TO COME]