# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JUNO USA, LP, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12484 (MFW)<br>(Jointly Administered)<br><br>**Obj. Deadline: December 15, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: December 22, 2022 at 3:00 p.m. (ET)** |

## MOTION OF THE SETTLEMENT TRUSTEE FOR ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASES AND GRANTING RELATED RELIEF

The Settlement Trust[2] for Juno USA, LP ("Juno") and its affiliated debtors (collectively, the "**Debtors**"), the liquidating debtors in the above-captioned cases (the "**Chapter 11 Cases**"),[3] through Peter Hurwitz, Trustee of the Juno Settlement Trust (the "**Settlement Trustee**"), by and through undersigned counsel, submits this motion (the "**Motion**"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of a final decree, in substantially the form submitted herewith, closing the Chapter 11 Cases as provided in the proposed form of

---

[1] The remaining Debtor is Juno USA, LP (5772). The mailing address for the remaining Debtor is 40 Half Moon Lane, Irvington, New York 10533.

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the *First Amended Joint Plan of Reorganization and Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 227] (as amended, the "Plan") or the Application, as applicable.

[3] The remaining Chapter 11 Case is Case No. 19-12484 (MFW) which has been left open for purposes of administration of the Settlement Trust and Plan. The other Chapter 11 Cases have been closed.

13925063.V1

order, and granting any related relief. In support of this Motion, the Trustee respectfully states as follows:[4]

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), and, pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue for this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## RELEVANT BACKGROUND

**A.     The Chapter 11 Cases**

4. On November 19, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors' Chapter 11 Cases were jointly administered under Case No. 19-12484, which is also the remaining case for purposes of this motion.

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Confirmed Plan and/or Confirmation Order (both defined herein), as applicable.

5. After the Petition Date, the Debtors continued to operate their business and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 3, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") in these Chapter 11 Cases. *See Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 57].

7. Between January 9, 2020 and January 10, 2020, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") [Docket Nos. 144-47; 149-154; 160-161]. Debtors Juno USA, LP and Juno Oregon LLC filed amendments to their respective Schedule E/F and Schedule G of their Schedules of Assets and Liabilities on January 31, 2020 [Docket No. 198-199].

8. By Order dated December 18, 2019, this Court established January 31, 2020 at 5:00 p.m. (*prevailing* Eastern Time) (the "**General Bar Date**") as the deadline for creditors to file proofs of claim for each claim they assert against the Debtors that arose before the Petition Date. Notice of the Bar Date was mailed to all known creditors of the Debtors and published in The New York Times.

9. Pursuant to the Bar Date Order and section 502(b)(9) of the Bankruptcy Code, the Bankruptcy Court established June 10, 2019 at 5:00 p.m. (Prevailing Eastern Time) as the date by which governmental units, as defined in section 101(27) of the Bankruptcy Code, must file proofs of claim against the Debtors' estates (the "**Governmental Bar Date**," and together with the General Bar Date, the "**Bar Dates**"). Additionally, the Bar Date Order approved the form of proof of claim to be filed against the Debtors and the manner of giving notice of the Bar Dates (the "**Bar Date Notice**").

13925063.V1

10. On February 18, 2020, the Debtors filed their Amended Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization and Liquidation [Docket No. 228] (as amended, the "**Disclosure Statement**").

11. On February 20, 2020, the Bankruptcy Court entered an order [Docket No. 239] (a) approving the Disclosure Statement and (b) scheduling a confirmation hearing (the "**Confirmation Hearing**"). The Confirmation Hearing was held on March 25, 2020.

12. Following the Confirmation Hearing, the Plan was confirmed by order of the Bankruptcy Court on March 25, 2020 (the "**Confirmation Order**") [Docket No. 317]. The Effective Date (as defined in the Plan) occurred on April 1, 2020. Docket No. 323.

13. Following the Effective Date, the Settlement Trust was created pursuant to the Plan and the Settlement Trust Agreement. The Settlement Trustee was appointed to administer the assets of the estate as provided by the Plan and Settlement Trust Agreement, including the distribution of Settlement Trust assets and was provided corporate authority to act on behalf of the liquidating Debtors.

14. Approximately 2,442 proofs of claim (collectively, the "**Proofs of Claim**" and, together with the Scheduled Claims, the "**Claims**") were filed. The Settlement Trustee was able to make a distribution to a large number of the 2,442 Claims on the first round of distributions. The Settlement Trustee did, however, receive a number of returned checks in the distribution because of address changes. The Settlement Trustee found over 100 new addresses for driver claimants and was able to provide distribution checks to these driver claimants after taking the time to find the best addresses of the most driver claimants as possible.

15. Further, the Settlement Trustee instituting a process to avoid a fraudulent check issue by approving each check against the claims register, and by re-issuing uncashed checks into

the distribution pool. Despite having to manage the fraudulent check issue and instituting a process to prevent the fraud, the Settlement Trustee was able to make a second distribution of Settlement Trust assets. The Settlement Trustee is pleased to report that this second distribution was made to over 1,500 driver claimants after the initial distribution. Further, of the ten (10) trade creditors, eight (8) received distributions. In all, the Settlement Trustee distributed over $600,000 to driver claimants and over $85,000 to other creditors, as beneficiaries of the Settlement Trust. Any remaining assets of the Settlement Trust following this second and final distribution will be distributed and disposed of in accordance with the Plan and Settlement Trust agreement, including toward the payment of trust administration and through a final remnant asset sale or donated to charity.

16. As of the date that this Motion is scheduled to be heard by this Court, there will be no unresolved Claims, contested matters, adversary proceedings, or other matters in the Debtors' Chapter 11 Cases. The only tasks left for the Settlement Trustee in these Chapter 11 Cases will be to (a) make any final distributions under the Plan, Confirmation Order and Settlement Trust, and (b) pay any court fees and all fees required under 28 U.S.C. § 1930(a)(6).

## RELIEF REQUESTED AND BASIS THEREOF

17. Through this Motion, the Settlement Trustee seeks entry of a final decree, substantially in the form submitted herewith, closing the Chapter 11 Cases in accordance with the proposed form of order.

18. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350(a) of the Bankruptcy Code, further provides that "[a]fter

an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

19. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. Bankruptcy courts in the Third Circuit have held that "[f]ull administration occurs for purposes of § 350(a) when all property of the estate has been distributed and creditors have been paid." *In re Guterl Special Steel Corp.*, 316 B.R. 843, 861 (Bankr. W.D. Pa. 2004). Courts have also held that a debtor's estate is fully administered when the remaining tasks to be carried out in closing the case are ministerial in nature. *Id.* at 861-62.

20. The Advisory Committee Note (1991) to Bankruptcy Rule 3022 (the "**Advisory Note**") comments that "*[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.*" (emphasis added). The Advisory Note also sets forth certain factors that a court should consider when evaluating whether a case has been fully administered. These factors are as follows:

(1) whether the order confirming the plan has become final;

(2) whether deposits required by the plan have been distributed;

(3) whether the property proposed by the plan to be transferred has been transferred;

(4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

(5) whether payments under the plan have commenced; and

(6) whether all motions, contested matters and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022; Advisory Committee Note (1991).

21. Courts typically use the preceding six factors to determine whether a chapter 11 case has been fully administered. *See*, *e.g.*, *In re Kliegl Bros. Universal Elec. Stage Lighting Co.*,

6

*Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990); *In re SLI, Inc.*, 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005). The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered. *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994); *In re Swiss Chalet, Inc.*, 485 B.R. 47, 51 (Bankr. D.P.R. 2012); *In re Union Home & Indus., Inc.*, 375 B.R. 912, 917 (B.A.P. 10th Cir. 2007). Rather, these factors are employed by courts as a guide to assist in the determination of whether a case is fully administered. *In re Mold Makers, Inc.*, 124 B.R. at 768; *In re SLI, Inc.*, 2005 WL 1668396, at *2. *See also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012) ("A court should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered").

22. The Advisory Committee Note also advises that a court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." Additionally, "a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." Indeed, Bankruptcy Rule 3022 was amended in order to:

> set forth a flexible Rule to permit the court to determine that ***an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue***.... As is evident by the Committee note, the Advisory Committee interprets "fully administered" very loosely and encourages courts to use substantially more discretion in deciding whether to close a [c]hapter 11 case th[a]n Code § 350 and the Rule literally read.

7

*In re Gould*, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt.) (emphasis added).

23. The Chapter 11 Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, and the Plan has been substantially consummated within the meaning of section 1102 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Chapter 11 Cases. Among other things, all expenses arising from the administration of these cases, including final distributions under the Plan, court fees and fees required under 28 U.S.C. § 1930(a)(6), will be paid within 30 days of closure of the cases. Moreover, the Plan has been substantially consummated in all respects. There are no pending or open matters before this Court, other than matters set for hearing on the same day as this Motion, and the Settlement Trustee does not intend to object to any additional Claims. The Settlement Trustee will not have any need to use the resources of this Court for any further matters. Finally, all reports required in connection with the Chapter 11 Cases have been filed or will be filed not later than 14 days before the hearing on the Motion.

24. In light of the foregoing, the Settlement Trustee respectfully submits that ample justification exists for entry of a final decree closing the Chapter 11 Cases.

## **NOTICE**

25. The Settlement Trustee has served this Motion on the United States Trustee and all parties requesting notice pursuant to Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Settlement Trustee respectfully submits that no other or further notice is required.

13925063.V1

## NO PRIOR REQUEST

26. No prior request for the relief sought herein has been made by the Settlement Trustee to this or any other Court.

## CONCLUSION

**WHEREFORE,** the Settlement Trustee respectfully requests that this Court enter an order, in substantially the form submitted herewith, closing the Chapter 11 Cases and directing entry of a final decree, and granting such other and further relief as the Court deems necessary and proper under the circumstances.

| | |
|---|---|
| Dated: December 1, 2022<br>Wilmington, Delaware | MORRIS JAMES LLP<br><br>*/s/ Sarah M. Ennis*<br>Eric J. Monzo (DE Bar No. 5214)<br>Brya M. Keilson (DE Bar No. 4643)<br>Sarah M. Ennis (DE Bar No. 5745)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: emonzo@morrisjames.com<br>E-mail: bkeilson@morrisjames.com<br>E-mail: sennis@morrisjames.com<br><br>*Counsel to Peter Hurwitz, in his capacity as Trustee of the Juno Settlement Trust* |

13925063.V1